IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
GREENVILLE DIVISION

DON EARL JOHNSON                                                                                   MOVANT

v.                                                                                     No. 4:12CR39-MPM-JMV

UNITED STATES OF AMERICA                                                                    RESPONDENT

## MEMORANDUM OPINION

This matter comes before the court on the motion of Don Earl Johnson to vacate, set aside, or correct his sentence under 28 U.S.C. § 2255. The government has responded to the motion, and the matter is ripe for resolution. For the reasons set forth below, the instant motion to vacate, set aside, or correct sentence will be denied.

## Section 2255 Proceedings

Section 28 U.S.C. § 2255 permits an inmate serving a sentence after conviction of a federal crime to "move the court which imposed the sentence to vacate, set aside or correct the sentence." 28 U.S.C. § 2255(a). As with the writ of *habeas corpus*, *see* 28 U.S.C. §§ 2241, 2254, a § 2255 motion sets forth only four bases on which a motion may be made: (1) the sentence was imposed in violation of the Constitution or laws of the United States; (2) the court was without jurisdiction to impose the sentence; (3) the sentence exceeds the statutory maximum sentence; or (4) the sentence is "otherwise subject to collateral attack." 28 U.S.C. § 2255(a). Thus, a prisoner must claim either a constitutional violation or want of subject matter jurisdiction to invoke 28 U.S.C. § 2255. In the absence of constitutional or jurisdictional defects, a federal prisoner may invoke § 2255 only if the error constitutes "a fundamental defect which inherently results in a complete miscarriage of justice." *United States v. Addonizio,* 442 U.S. 178, 185 (1979).

The district court must first conduct a preliminary review of a section 2255 motion, and "[i]f it plainly appears from the motion, any attached exhibits, and the record of the prior proceeding that the moving party is not entitled to relief, the judge must dismiss the motion." Rules Governing Section 2255 Proceedings, Rule 4(b). If the motion raises a non-frivolous claim to relief, the court must order the Government to file a response or to take other appropriate action. *Id.* The judge may then require the parties to expand the record as necessary and, if good cause is shown, authorize limited discovery. *Rules Governing Section 2255 Proceedings,* Rules 6–7.

After reviewing the Government's answer, any transcripts and records of prior proceedings, and any supplementary materials submitted by the parties, the court must decide whether an evidentiary hearing is warranted. *Rules Governing Section 2255 Proceedings,* Rule 8. Under the statute, an evidentiary hearing must be held unless "the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief." 28 U.S.C. § 2255(b). However, the court need not hold an evidentiary hearing if the prisoner fails to produce "independent indicia of the likely merit of [his] allegations." *United States v. Edwards,* 442 F.3d 258, 264 (5th Cir. 2006) (quoting *United States v. Cervantes,* 132 F.3d 1106, 1110 (5th Cir. 1998)).

Ultimately, the petitioner bears the burden of establishing his claims of error by a preponderance of the evidence. *See Wright v. United States,* 624 F.2d 557, 558 (5th Cir. 1980). For certain "structural" errors, relief follows automatically once the error is proved. *See Burgess v. Dretke,* 350 F.3d 461, 472 (5th Cir. 2003). For other errors at the trial court level, the court may grant relief only if the error "had substantial and injurious effect or influence" in determining the outcome of the case. *Brecht v. Abrahmson,* 507 U.S. 619, 637 (1993); *see also United States v. Chavez,* 193 F.3d 375, 379 (5th Cir. 1999) (applying *Brecht's* harmless error standard in a § 2255 proceeding). If the Court

finds that the prisoner is entitled to relief, it "shall vacate and set the judgment aside and shall discharge the prisoner or resentence him or grant a new trial or correct the sentence as may appear appropriate." 28 U.S.C. § 2255(b).

## Facts and Procedural Posture[1]

Don Earl Johnson was born in 1965 in Greenville, Mississippi (PSR at 20). Sometime in the late 1980's Johnson moved to Massachusetts to live with his father. *Id*. In April 1994, at age 28, Johnson was arrested on rape charges in Massachusetts. In November 1994 he pled guilty to two counts of indecent assault and battery charges, as well as one count of assault and battery. PSR at 9-10. He was sentenced to a one-year term of imprisonment for each charge, to run concurrently. It is this charge for which he was required to register as a sex offender under Massachusetts law, and later, under federal law. *See* Massachusetts General Laws, Chapter 6, Section 178H; *see also* 18 U.S.C. § 2250 (Failure to Register or Maintain Registration).[2]

Mr. Johnson was convicted for 22 crimes from 1987 (age 21) through 2012 (age 45). In addition, during that period, Johnson was arrested some 18 times on charges that were ultimately dismissed. The court will, however, discuss only the two convictions Johnson challenges regarding their use to compute his criminal history points for sentencing.

On June 6, 1995, at age 29, Johnson was arrested for assault and battery – and assault and battery with a dangerous weapon. Fitchburg, Massachusetts District Court, Case No. 9516CR0949A/B. He was convicted on both charges on July 11, 1995, and sentenced to a one-

---

[1] The facts in this section regarding Johnson's criminal history are found in the Presentence Investigation Report.

[2] Section 2250 is part of the Sex Offender Registration and Notification Act ("SORNA").

year split term, with one month to serve followed by two years supervised probation. He violated that probation several times, which resulted in his periodic incarceration from February 12, 1996, through April 1999.

On February 5, 1996, at age 30, Johnson was arrested for attempting to break into the residence of a woman. On March 12, 1996, he was convicted of attempt to commit a crime and sentenced to ten months incarceration, which was originally stayed. District Court, Fitchburg, Massachusetts, No. 9516CR2356A. The stay was revoked a month later, and he was placed in custody for a term of ten months, to run concurrent to Case No. 9516CR1192A (a one-year split sentence). Again, Johnson repeatedly violated the terms of his stayed sentence and was incarcerated, on and off, until he was finally released on that charge in approximately February 1999.

Johnson last registered as a sex offender in April 2009 in Massachusetts. On April 24, 2009, he signed a Massachusetts Sex Offender Registration Form making the mandatory nature of the requirement clear:

> Please Read Carefully Before Signing – You are advised that you must notify, in writing, the Sex Offender Registry Board and the Police Department in the city or town in which you reside not less than 10 days prior to any change in residence, employment or attendance at an institution of higher learning. You are further advised that you are required to immediately contact and advise of your presence the appropriate authorities in any other state in which you locate yourself for the purpose of residence, employment or attendance at an institution of higher learning. Failing to do so may subject you to criminal prosecution.

Docs. 46-1, 46-2 at 1, PSR at 4. On May 8, 2009, Massachusetts authorities issued an arrest warrant for Johnson for failing to update his registry information about a move. PSR at 4.

Johnson was arrested in February 2012 in Greenville, Mississippi, for receiving stolen property. Officers discovered that he had not registered in Mississippi as a sex offender and

contacted a Deputy U.S. Marshal about Johnson. The Marshal discovered that Johnson had established electrical service for his Greenville, Mississippi, residence in May 2009, but had not registered as a sex offender in Mississippi. PSR at 4-5.

The Government filed a criminal complaint on March 16, 2012, charging Johnson with failure to register as a sex offender in Mississippi and failure to update his registry in Massachusetts under 18 U.S.C. § 2250, which reads:

(a) In general. – Whoever –

(1) is required to register under the Sex Offender Registration and Notification Act;

(2)(A) is a sex offender as defined for the purposes of the Sex Offender Registration and Notification Act by reason of a conviction under Federal law (including the Uniform Code of Military Justice), the law of the District of Columbia, Indian tribal law, or the law of any territory or possession of the United States; or

(B) travels in interstate or foreign commerce, or enters or leaves, or resides in, Indian country; and

(3) knowingly fails to register or update a registration as required by the Sex Offender Registration and Notification Act;

shall be fined under this title or imprisoned not more than 10 years, or both.

Doc. 1.

Officers arrested Johnson on March 19, 2012, near his Greenville residence. At the time of his arrest he acknowledged that he had a prior sex offense conviction in Massachusetts and had last updated his registration in April 2009. PSR at 5.

On March 29, 2012, a Federal grand jury returned a one-count Indictment charging Johnson with failure to update his Massachusetts' registration and failure to register in Mississippi as required under Mississippi law. Doc. 10. On July 26, 2012, Johnson pled guilty to the charge.

Doc. 24, Minute entry. After completion of a presentence report by the U.S. Probation Service, the District Court sentenced Johnson to a six-year term of incarceration. Doc. 27.

Johnson appealed the sentence, Doc. 29, and the Fifth Circuit Court of Appeals affirmed the court's ruling in an opinion on July 9, 2013. *United States v. Johnson*, 535 Fed. Appx. 333 (5th Cir. 2013) (unpublished, per curiam).

Johnson filed the initial Motion to Vacate by signing it on March 27, 2014. It was filed on the docket on April 3, 2014. Doc. 38. Johnson then filed another motion to vacate, signed on April 22, 2014, alleging the same errors. Doc. 40. Johnson has supplemented the previous filings with a Motion for Leave to Supplement, which was signed on July 24, 2014, and filed in the District Court on August 5, 2014. Docs. 43, 44, and 45. The District Court ordered the United States to respond to Johnson's allegations. Doc. 41. Johnson then supplemented his § 2255 motion again. Docs. 47, 49. He then moved to further supplement his motion Doc. 51. The court has reviewed and considered the original motion, its various supplements, the Government's response, and Johnson's reply. The matter is ripe for resolution.

In the instant § 2255 motion, in its various iterations described above, Johnson makes the following claims for relief:

> (1) Counsel provided ineffective assistance by failing to object to the Presentence Investigation Report ("PSR"), which counted criminal history points for prior convictions too old to include: his assault and assault and battery convictions from July 11, 1995, and his conviction attempting to commit a crime from March 12, 1996. In his Reply, Johnson argues that, though his 1996 conviction may be counted towards his criminal history points because he was incarcerated on that conviction, off and on, until May 1, 2000, he had completed his term of incarceration on 1995 conviction
>
> (2) The court failed to apply Fed. R. Crim. P. 32(c)(3)(A), which requires a court to verify that the defendant has read the PSR and reviewed it with counsel prior to sentencing.
>
> (3) Johnson is actually innocent of the federal crime of conviction under 18 U.S.C. §

2251(a)(2) because counsel *during the 1995 Massachusetts sex crime proceedings* did not inform him that he would be required to register as a sex offender for the rest of his life. Johnson alleges that his plea agreement "never had any term or condition informing [him] that [he] would be required to register as a sex offender." According to Johnson, had he known about the sex offender registration requirement, he would not have pled guilty *to the Massachusetts crime*. Johnson frames this ground for relief as a failure of federal defense counsel to investigate the 1995 crime and discover this alleged violation of former counsel, some 17 years prior.

(4) *As to his Massachusetts sex crime conviction*, Johnson also alleges that he did not know that the State had collected DNA evidence (semen) and that, had he known, he would not have pled guilty, but, instead, would have insisted on going to trial. He believes that the DNA profile from the semen would not have matched his profile; thus, DNA testing would have exonerated him, proving his innocence. Again, Johnson frames this ground for relief as an instance in which defense counsel provided ineffective assistance.

(5) *As to his present conviction under 18 U.S.C. § 2250*, Johnson argues that he is not required to register as a sex offender under the United States Supreme Court's holding in *Reynolds v. United States*, 565 U.S. 432 (2012), which held that, during an extremely limited period, sex offenders were not required to register under 18 U.S.C. § 2250.

The court will discuss these grounds for relief in turn.

## Ineffective Assistance of Counsel

Mr. Johnson argues in Grounds One, Three, and Four that defense counsel provided constitutionally ineffective legal assistance. The court must address claims of ineffective assistance of counsel under the two-prong test set forth in *Strickland v. Washington*, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). To prove that defense counsel was ineffective, the petitioner must show that counsel's performance was deficient and that the deficiency resulted in prejudice to her defense. Under the deficiency prong of the test, the petitioner must show that counsel made errors so serious that he was not functioning as the "counsel" guaranteed by the Sixth Amendment. *Strickland*, 466 U.S. at 687. The court must analyze counsel's actions based upon the circumstances at the time – and must not use the crystal clarity of hindsight. *Lavernia v. Lynaugh*, 845 F.2d 493, 498 (5th Cir. 1988).

The petitioner "must overcome the presumption that, under the circumstances, the challenged action 'might be considered sound trial strategy.'" *Strickland*, 466 U.S. at 689 (citation omitted). To prove prejudice, the petitioner must demonstrate that the result of the proceedings would have been different or that counsel's performance rendered the result of the proceeding fundamentally unfair or unreliable. *Vuong v. Scott*, 62 F.3d 673, 685 (5th Cir. 1995), *cert. denied*, 116 S.Ct. 557 (1995); *Lockhart v. Fretwell*, 506 U.S. 364, 369 (1993); *Sharp v. Johnson*, 107 F.3d 282, 286 n.9 (5th Cir. 1997). "When §2254(d) applies, the question is not whether counsel's actions were reasonable. The question is whether there is any reasonable argument that counsel satisfied *Strickland's* deferential standard." *Harrington v. Richter*, 131 S.Ct. 770, 788 (2011); *Premo v. Moore*, 131 S.Ct. 733 (2011).

### Ground One: Computation of Criminal History Points[3]

As set forth above, Don Earl Johnson has an extensive criminal history, including 22 criminal convictions, many of them for serious violent crimes. Yet, somehow, his sentences consisted almost entirely of very small periods of incarceration. Indeed, it appears that he faced continuous incarceration for over a year on only *one* of the 22 charges spanning his 20+ years of criminal behavior: the January 29, 2001, conviction for two counts of burglary of a business in Greenville, Mississippi. As far as the court can discern, as a result of his persistent criminal behavior (whether through parole violations or new criminal charges), Mr. Johnson has never enjoyed a full two years of freedom in his adult life. By any rational measure, Don Earl Johnson is a career criminal.

---

[3] The facts in this section regarding Johnson's criminal history are found in the Presentence Investigation Report ("PSR").

Mr. Johnson's challenge to the computation of his criminal history points is without merit. Under United States Sentencing Guidelines § 4A1.1, Application Note 1, sentences imposed more than fifteen years prior to the defendant's commencement of the instant offense are not counted. However, that same application note states that the starting point for calculating the prior sentence is the last day of *the latest incarceration for the countable offense*. For each of the offenses challenged, Mr. Johnson repeatedly violated the terms of his stayed sentence after release. Each time, he was re-incarcerated to serve more of the sentences. He was finally released from incarceration on the July 11, 1995, assault charges in April of 2000; thus, the offense can be counted for 15 years, until April 2015. Similarly, Johnson was finally released on the March 12, 1996, attempt charge in about February 2000; hence, that offense can be counted for 15 years, or until February 2015.

The indictment in the present case alleges that the offense occurred between May 1, 2009, and March 7, 2012. The latest possible date for the present offense, March 7, 2012, is well within the 15-year window under § 4A1.1 of either predicate crime (both of which extend into 2015). As such, the court's calculation of Mr. Johnson's criminal history points was accurate, and counsel provided effective assistance in deciding not to challenge that calculation. Attorneys are not required by the Sixth Amendment to file meritless motions. *United States v. Gibson*, 55 F.3d 173, 179 (5th Cir.1995); *Koch v. Puckett,* 907 F.2d 524, 527 (5th Cir.1990). *See Clark v. Collins*, 19 F. 3d 959, 966 (5th Cir. 1994) ("Failure to raise meritless objections is not ineffective lawyering, it is the very opposite.") This ground for relief is without merit and will be denied.

### Ground Three: Failure to Investigate Massachusetts Requirement to Register as a Sex Offender

In Ground Three, Mr. Johnson argues that defense counsel in the present federal case should have investigated the merits of Johnson's Massachusetts 1994 conviction for indecent assault and battery and found that those convicted of that crime are not required to register as sex offenders. Johnson argues that, as he was not required to register as a sex offender, he is not guilty of the charge of failing to do so – that he is actually innocent of the crime of his conviction. This argument fails because, in Massachusetts, indecent assault and battery is, indeed, a crime for which those convicted must register as sex offenders.

Massachusetts' law requires that sex offenders register, and failure to register is a criminal offense. *See* Massachusetts General Laws, Chapter 6, Section 178H. Don Johnson was convicted of Indecent Assault and Battery on November 22, 1994. PSR, p. 9. That crime is among those that requires an offender to register as a sex offender under Massachusetts law. *See, e.g.*, *Commonwealth v. Becker*, 879 N.E. 2d 691, 699 (Mass. App. Ct., 2008) ("the Massachusetts offense of indecent assault and battery may be sentenced as a misdemeanor and still require registration"). In addition, as set forth above, Johnson signed a sex offender registration form as late as 2009; the form made clear that registration is required, even when moving to another state. Johnson thus had actual knowledge of the requirement to register as a sex offender, and his failure to do so is an offense under both Massachusetts and federal law. *See* Massachusetts General Laws, Chapter 6, Section 178H; *see also* 18 U.S.C. § 2250 (Failure to Register or Maintain Registration). For these reasons, Johnson's claims of actual innocence will be denied.

**Ground Four: Actual Innocence of the Underlying Massachusetts Sex Crime**

In Ground Four, Johnson alleges that he was unaware that the State had collected DNA evidence in its investigation of the July 11, 1995, indecent assault and battery charge in Massachusetts. He states that, had he known about the DNA evidence, then he would have insisted that it be analyzed and compared to his DNA, which would have shown that he did not commit the crime. He argues that trial counsel in the present case should have investigated the merits of the Massachusetts conviction. Johnson further argues that the investigation would have established his actual innocence of the underlying sex crime and overturned that conviction. He further argues that, once proven innocent of the state sex crime, he is innocent of the federal crime of failure to register.

This argument is without merit, as the Massachusetts conviction remains valid until overturned in either a state action for post-conviction collateral relief or through federal *habeas corpus* relief. Johnson is free to pursue these avenues in the proper court, subject to the various procedural requirements inherent in post-conviction collateral relief and *habeas corpus* cases. *See Lewis v. United States*, 445 U.S. 55, 65 (1980) (federal prosecution and conviction of a firearm offense was valid, even though the predicate felony may be subject to collateral attack on constitutional grounds was valid). Thus, as long as the underlying Massachusetts sex offense exists, Johnson is required under both state and federal law to register as a sex offender or update his sex offender registry. This ground for relief is without thus merit and will be denied.

**Ground Two: Application of Fed. R. Crim. P. 32(i)(1)(A)**

Under Fed. R. Civ. P. 32(i)(1)(A), at sentencing, a district court must verify that the defendant and his attorney have read and discussed the PSR and any addendum to it. In the present case, the court asked defense counsel whether there were any unresolved objections to the PSR, and counsel

offered an objection to the possibility of an upward variance from the recommended sentencing range under the United States Sentencing Guidelines. Doc. 32 at 2. The court did not, however, pose a question on the record regarding whether Johnson and his counsel had read and discussed the PSR (though the court notes that the interaction of Johnson and his counsel at the hearing show that both were familiar with the presentence report).

Mr. Johnson argues that the court should vacate his sentence because of this omission. He does not, however, allege any prejudice from it, "contend[ing] that this Honorable Court [should] grant this 2255 petition and remand the case back for re-sentencing, because a review of the hearing transcripts won't reveal any statement that can be read to provide verification that petitioner and his attorney had read and discussed the pre-sentence report" Doc. 38 at 3-4, Doc. 40, at 6-7. Indeed, Mr. Johnson has not denied that he, in fact, read the PSR and discussed it with his attorney. He argues, instead, that "the fact that a defendant and his counsel may have discussed issues contained in the report is insufficient – there must be evidence on record that the petitioner and his counsel have read and discussed the report." Doc. 38 at 3.

Circuit precedent does not fall in Johnson's favor; in the Fifth Circuit, failure to address Rule 32(i)(1)(A) is not a structural defect in the proceedings (which would require automatic reversal). *United States v. Esparza-Gonzalez*, 268 F.3d 272, 274 (5th Cir. 2001). Instead, a reviewing court need only determine whether the failure caused prejudice to the legal position of the defendant. *Id*. Holding otherwise would "require the district court to undergo an exercise in futility in order to obtain the same sentence." *United States v. Rangel-Arreola*, 991 F.2d 1519, 1526 (10th Cir. 1993); *see also Looney v. United States*, 2012 WL 3777416, *10 (N.D. Tex., Aug. 1, 2012) (no error for failure to ask whether defendant and counsel had read and discussed PSR when court

asked whether there were objections and both counsel and defendant objected). Mr. Johnson has not alleged that he did not read the PSR before his sentencing; nor has he alleged that his attorney failed to discuss it with him. Thus, he has alleged no prejudice arising out of failure to address Rule 32(i)(1)(A), and this ground for relief will be denied.

### Ground Five: Application of *Reynolds v. United States*

In his final ground for relief, Mr. Johnson argues briefly that, under the Supreme Court's holding in *Reynolds v. United States*, 565 U.S. 432 (2012), he is not required to register as a sex offender for offenses occurring prior to the enactment of 18 U.S.C. § 2250. Mr. Johnson has, however, misread the extremely narrow holing in *Reynolds*. In that case, the Supreme Court reviewed the construction of 42 U.S.C. § 16913(d), part of the Sex Offenders Registration and Notification Act ("SORNA"), which gives the "Attorney General . . . the authority to specify the applicability of the requirements . . . to sex offenders convicted before the enactment of" the Act. *Reynolds*, 565 U.S. at 439. The Court examined whether the Act automatically applied to offenses committed prior to its enactment – or whether it applied to pre-Act offenses only after the Attorney General specified the applicability of the statute to those offenses. *Id*. The Court ultimately decided that the SORNA registration and notification requirements apply to pre-Act offenses only after the Attorney General sets forth a rule to that effect.

SORNA became effective on July 27, 2006; as such, the two offenses at issue in the present case constitute pre-Act offenses. However, on February 28, 2007, the Attorney General issued an Interim Rule applying the registration requirement "to all sex offenders, including sex offenders convicted of the offense for which registration is required prior to [SORNA's enactment]". *Id*. at 437. Thus, as the Court made clear, the question concerns only failure to register as a sex offender "during

the period between (1) July 27, 2006 (when the Act took effect) and (2) the moment when the Attorney General promulgated a valid rule specifying the registration requirements' applicability, namely, February 28, 2007 . . . ." *Id.*

The relevant period in Mr. Johnson's case (as set forth in the Indictment) is between May 1, 2009, and March 7, 2012, all of which lies outside the 6-month period set forth in *Reynolds, supra*. As such, the Court's holding in *Reynolds* has no application to the present case, and Johnson's claim in Ground Five of the instant Motion to Vacate, Set Aside, or Correct Sentence will be denied.

**Conclusion**

In sum, all of the Movant's grounds for relief are without merit, and the instant motion to vacate, set aside, or correct sentence will be denied. A final judgment consistent with this memorandum opinion will issue today.

**SO ORDERED**, this, the 3rd day of March, 2017.

/s/ **MICHAEL P. MILLS**
**UNITED STATES DISTRICT JUDGE**
**NORTHERN DISTRICT OF MISSISSIPPI**